UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

GERALD LOFTON,              :
                            :   Civil Action No. 11-3693 (RMB)
         Petitioner,        :
                            :
    v.                      :   **OPINION**
                            :
DONNA ZICKEFOOSE,           :
                            :
         Respondent.        :

**APPEARANCES:**

Petitioner pro se              Counsel for Respondent
Gerald Lofton                  Mark Christopher Orlowski
31627-160                      Office of the U.S. Attorney
FCI FORT DIX                   District of New Jersey
P.O. Box 2000                  402 East State Street
Fort Dix, NJ 08630             Room 430
                               Trenton, NJ 08608

**BUMB**, District Judge

   Petitioner Gerald Lofton, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241[1] and has paid the $5 filing fee.

   Because it appears from a review of the relevant record that Petitioner is not entitled to relief, the Petition will be

---

   [1]Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the
   Supreme Court, any justice thereof, the district courts
   and any circuit judge within their respective
   jurisdictions.
   (c) The writ of habeas corpus shall not extend to a prisoner
   unless-- ... (3) He is in custody in violation of the
   Constitution or laws or treaties of the United States ... .

dismissed.

**I.   BACKGROUND**

Petitioner was convicted in the United States District Court for the Northern District of Ohio for Conspiracy to Possess With Intent to Distribute Cocaine Base (violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(B)(1)(A)) and Felon in Possession of a Firearm (violation of 18 U.S.C. § 922(G)(1)).  On June 18, 2008, he was sentenced to a term of 240 months imprisonment with a 10 year term of supervised release.  Applying the available Good Conduct Time ("GCT"), the projected release date is September 11, 2025.

Petitioner brings this petition stating that the Bureau of Prisons incorrectly calculated his GCT based on time served rather than sentence imposed, allegedly resulting in seven fewer days of credit per year than he should have received.

Petitioner has not exhausted his administrative remedies as to this issue.  In fact, it does not appear that Petitioner has followed any of the administrative remedy procedures available to him at any time related to the challenge brought in the instant petition.

**II.   ANALYSIS**

Respondent asserts that Petitioner is not entitled to habeas relief because he did not exhaust his administrative remedies with respect to his challenge to the calculation of his sentence

before filing this habeas petition.

Although 28 U.S.C. § 2241 contains no statutory exhaustion requirement, a federal prisoner ordinarily may not bring a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging the execution of his sentence, until he has exhausted all available administrative remedies. See, e.g., Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000); Arias v. United States Parole Comm'n, 648 F.2d 196, 199 (3d Cir. 1981); Soyka v. Alldredge, 481 F.2d 303, 306 (3d Cir. 1973). The exhaustion doctrine promotes a number of goals:

> (1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review;
> (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy.

Goldberg v. Beeler, 82 F.Supp.2d 302, 309 (D.N.J. 1999), aff'd, 248 F.3d 1130 (3d Cir. 2000). See also Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 761 (3d Cir. 1996). Nevertheless, exhaustion of administrative remedies is not required where exhaustion would not promote these goals. See, e.g., Gambino v. Morris, 134 F.3d 156, 171 (3d Cir. 1998) (exhaustion not required where petitioner demonstrates futility); Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1988) (exhaustion may be excused where

3

it "would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable harm"); Carling v. Peters, 2000 WL 1022959, *2 (E.D. Pa. 2000) (exhaustion not required where delay would subject petitioner to "irreparable injury").

In general, the BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for "review of an issue which relates to any aspect of their confinement." 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a BP-9 Request to "the institution staff member designated to receive such Requests (ordinarily a correctional counsel)" within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP-9 Request may submit a BP-10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). The inmate may appeal to the BOP's General Counsel on a BP-11 form within 30 days of the day the Regional Director signed the response. Id. Appeal to the General Counsel is the final administrative appeal. Id. If

4

responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

Here, Petitioner has not shown any evidence that he has attempted to pursue available administrative remedies in any way, nor has he stated that pursuit of such remedies would be futile. According to the Declaration of Tara Moran,[2] legal assistant with the Federal Bureau of Prisons, a search of the computerized index conducted on or about September 16, 2011 indicates that Petitioner has not attempted to exhaust his administrative remedies in this matter in any way, never having filed any remedy forms regarding this issue. Since Petitioner has not exhausted his administrative remedies in this matter before filing the instant petition, and since Petitioner has not demonstrated any futility related to potential exhaustion, the petition must be dismissed for failure to exhaust available administrative remedies.

In the alternative, the Bureau of Prisons did correctly calculate Petitioner's GCT. According to the Declaration of John A. Farrar,[3] Policy & Correspondence Specialist for the Federal Bureau of Prisons at the Designation and Sentence Computation Center, Petitioner's GCT was computed in accordance to policy.

---

[2]Submitted as attachment #1 to the response.

[3]Submitted as attachment #2 to the response.

Petitioner's sentence of 20 years reduces to approximately 17 years and 5 months after applying the projected GCT. According to the record, the only GCT days lost for disciplinary reasons stem from an incident which occurred on September 6, 2011, after the petition was filed. There is nothing to suggest that seven days were deducted for each year, as Petitioner suggests in his petition. 54 days are to be awarded to Petitioner for each full year served, as is appropriate pursuant to BOP policies.

The BOP's interpretation of 18 U.S.C. § 3624(b), and its implementing formula for calculation of good-conduct-time credits, is reasonable and entitled to deference. See O'Donald v. Johns, 402 F.3d 172 (3d Cir. 2005)(BOP did not abuse its discretion by calculating GCT based on the time actually served, rather than the sentence imposed). Accordingly, even if Petitioner were to have exhausted his administrative remedies, deference is afforded to the BOP calculations regarding Petitioner's sentence and thus the petition may not be granted on this basis.

However, since Petitioner did not pursue his administrative issues as to this issue, this Court must dismiss the petition without prejudice for failure to exhaust administrative remedies.

Finally, this Court notes that, in the petition, Petitioner appears to challenge this issue with the assertion that the statute must be construed in his favor since he is a Native

6

American.  That argument is without merit.

### III. CONCLUSION

For the reasons set forth above, the Petition is dismissed without prejudice.  An appropriate order follows.

s/Renée Marie Bumb
Renée Marie Bumb
United States District Judge

Dated: April 19, 2012